# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZARIA TING,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>    Defendant. | No. 2:16-cv-01309-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |

This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion to Dismiss. (ECF No. 6.) Plaintiff Azaria Ting ("Plaintiff") opposes the motion. (ECF No. 11.) Defendant has filed a reply. (ECF No. 12.) For the reasons discussed below, the Court hereby GRANTS Defendant's Motion to Dismiss (ECF No. 6).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she was hired in 2012 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"). (ECF No. 1 ¶ 9.) Plaintiff states she is "an African-American woman who had been diagnosed with a medical condition," who "represented other Resident Advisors as a member of the CFT [California Federation of Teachers Union]." (ECF No. 1 ¶¶ 36, 47, & 48.)

In February 2014, Defendant became the managing corporation of SJCC. (ECF No. 1 ¶ 3.) Plaintiff alleges Defendant stated it would reorganize several job duties for positions, reduce the number of Residential Advisors, and create a Residential Coordinator role. (ECF No. 1 ¶ 12.)

1

Plaintiff alleges Defendant interviewed her for a Residential Advisor position for "approximately five minutes," "in a large room full of tables, in the midst of other interviews taking place." (ECF No. 1 ¶ 13.) Plaintiff alleges that during her interview she "disclosed she had taken time off work in the past due to a back injury she sustained in a car accident," "to observe Ramadan," and "to mourn a death in the family." (ECF No. 1 ¶¶ 16–17.) Plaintiff alleges she had a positive interview but she received a rejection letter in March 2014 stating she would not be rehired as a Residential Advisor." (ECF No. 1 ¶¶ 14–15.) Plaintiff alleges "employees with equal or lesser experience were being hired for similar Advisor positions." (ECF No. 1 ¶ 19.) Plaintiff alleges Defendant used her "prior excused absences as a pretense to avoid rehiring her." (ECF No. 1 ¶ 18.)

Plaintiff alleges claims for violations of the Americans with Disabilities Act (42 U.S.C. § 12112) ("ADA") and Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII"), including: (i) race and color discrimination in violation of Title VII § 2000e-2; (ii) retaliation; (iii) failure to hire in violation of public policy; (iv) failure to accommodate in violation of the ADA § 12112; and (v) failure to engage in the interactive process in violation of the ADA § 12112; and (vi) disability discrimination in violation of the ADA § 12112. (ECF No. 1 at 4–10.) Defendant moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6 at 2 & 7.)

**II.   STANDARD OF LAW**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550

U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130

3

(9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

### III. ANALYSIS

Defendant argues Plaintiff fails to allege facts sufficient to support any of her claims. (ECF No. 6 at 7.) The Court will discuss each of Plaintiff's claims in turn.

#### A. Race and Color Discrimination in Violation of 42 U.S.C. § 2000e–2

Plaintiff alleges Defendant discriminated against her by refusing to rehire Plaintiff due to her race. (ECF No. 1 ¶ 38.) Defendant moves to dismiss, arguing Plaintiff's pleadings are conclusory and "boilerplate." (ECF No. 6 at 9.) Plaintiff states generally all her claims are sufficiently pleaded and the facts alleged "are sufficient to support all of the causes of action." (ECF No. 11 at 4–6.)

Title VII forbids an employer from discriminating based on an "individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). A plaintiff in a disparate treatment case must show by either direct or circumstantial evidence that "the motive to discriminate was one of the employer's motives." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2523 (2013); *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004). A plaintiff may establish a case for disparate treatment by showing she: (1) was a member of a protected class; (2) was qualified for the position and performing the jobs satisfactorily; (3) experienced an adverse employment action; and (4) that "similarly situated individuals outside [the] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quoting *Peterson v. Hewlett–Packard Co.,* 358 F.3d 599, 603 (9th Cir. 2004)).

Plaintiff alleges she is an African-American woman, Defendant knew this and refused to

rehire her into a Residential Advisor position, but hired others with equal or less experience into similar Advisor positions. (ECF No. 1 ¶¶ 19, 36, 37.) Plaintiff's allegation Defendant acted because of her membership in a protected class is a recitation of an element. *See Iqbal*, 556 U.S. at 678. Plaintiff has not alleged facts to support a reasonable inference Defendant acted *because* of her race or color. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion); *cf. McGinest*, 360 F.3d at 1122 (finding the African American plaintiff stated a case for failure to promote by showing the employer transferred a white manager into a position rather than promoting any of the interviewees).

Plaintiff has not alleged facts sufficient to support the fourth element of her discrimination claim, so the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for discrimination based on race and color.

          B.        <u>Disability Discrimination in Violation of 42 U.S.C. § 12112</u>

Plaintiff states Defendant discriminated against her by refusing to hire due to her medical condition. (ECF No. 1 ¶ 29.) Defendant moves to dismiss, arguing Plaintiff's pleadings are conclusory and "boilerplate." (ECF No. 6 at 9.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 11 at 4–6.)

The ADA prohibits an employer from discriminating against a qualified individual with a disability "because of the disability." *Ravel*, 228 F. Supp. 3d at 1092 (citing *Nunes*, 164 F.3d at 1246) (quoting 42 U.S.C. § 12112(a))). To state a claim for disability discrimination under the ADA, a "plaintiff must allege facts that plausibly show: '(1) [she] is a disabled person within the meaning of the [ADA]; (2) [she] is a qualified individual with a disability; and (3) [she] suffered an adverse employment action because of [her] disability.'" *Id*. (quoting *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 (9th Cir. 2001).

Plaintiff alleges she suffered from a medical condition of back pain, that she was able to perform the job's essential functions, and Defendant "knew Plaintiff suffered from back pain" but discriminated against her. (ECF No. 1 ¶¶ 25, 26, 28.) Plaintiff also alleges Defendant used her

prior absences as a "pretense to avoid rehiring her" and instead "employees with equal or lesser experience were being hired for similar Advisor positions." (ECF No. 1 ¶¶ 18–19.)

An ADA plaintiff alleging disparate treatment must allege facts showing she was treated less favorably than other similarly situated individuals. *Ravel*, 228 F. Supp. 3d at 1095. Plaintiff has not alleged she was treated differently than similarly situated individuals. She has not alleged similarly situated employees who did not suffer from medical conditions were treated more favorably. *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015).

An ADA plaintiff may demonstrate pretext by alleging facts "showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable." *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112–13 (9th Cir. 2011). Plaintiff states Defendant used her prior absences as a "pretense to avoid rehiring her," but does not allege facts sufficient to support a reasonable inference Defendant acted *because* of her medical condition. *See Achal*, 114 F. Supp. 3d at 797–98 (finding reasonable inference of pretext where the plaintiff alleged the defendant claimed it fired him for causing his own disability, but the defendant did not investigate the matter and there was no question as to the plaintiff's job performance during his employment, even after he returned from medical leave).

Plaintiff has not alleged facts sufficient to support the third element of her disability discrimination claim, so the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for disability discrimination.

C. Retaliation

Plaintiff alleges Defendant retaliated against her "by refusing to hire her on account of such protected activities as being an African-American … with a medical condition," and "because she represented other Resident Advisors as a member of the CFT." (ECF No. 1 at ¶¶ 47–48.) Defendant argues Plaintiff fails to allege facts showing she engaged in a protected activity or Defendant's decision not to rehire her was connected to protected activity based on her race, color, or medical condition, and her claim related to union activity is preempted. (ECF No. 6 at 10–12.)

///

### i. *Retaliation Based on Plaintiff's Race or Medical Condition*

Defendant argues, to the extent Plaintiff's retaliation claim is not preempted, it fails because Plaintiff alleges no facts showing she engaged in a protected activity or Defendant's decision not to rehire her was motivated by any protected activity related to her race, color, or medical condition. (ECF No. 6 at 11.) Plaintiff states the facts alleged "are sufficient to support all of the causes of action." (ECF No. 11 at 5–6.)

Title VII and the ADA forbid an employer from retaliating against an employee because she opposed a practice they make unlawful, or because she "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [their provisions]." 42 U.S.C. § 2000e–3(a); 42 U.S.C. § 12203(a). To state a claim for retaliation under either, a plaintiff must show: "(1) involvement in a protected activity, (2) an adverse employment action and (3) a causal link between the two." *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004) (quoting *Brown v. City of Tucson,* 336 F.3d 1181, 1187 (9th Cir. 2003)); *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003), *opinion amended on denial of reh'g*, No. 00-35999, 2003 WL 21027351 (9th Cir. May 8, 2003).

Plaintiff's statement that she is an African-American woman with a medical condition, does not allege that she engaged in any protected activity, such as opposing practices forbidden by Title VII or the ADA, making a charge, testifying, assisting, or participating in a related investigation, proceeding, or hearing. Plaintiff has not provided any citation to authority for her proposition that being a member of a protected class is a protected activity.

### ii. *Retaliation Based on Plaintiff's Union Membership or Activity*

#### a. <u>Neither Title VII Nor the ADA Protects Union Membership</u>

Title VII forbids discrimination by employers based on an individual's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2. The ADA forbids employment discrimination against qualified individuals based on disability. 42 U.S.C. § 12112. Both forbid retaliation based on opposing an employment practice made unlawful by their respective provisions or by participating in an investigation or proceeding under each chapter. 42 U.S.C. § 2000e–3(a); 42 U.S.C. § 12203(a). Neither provision speaks to union membership. Plaintiff has

not cited authority for her proposition that being a member of a union or being a representative of other members of her union is a protected activity under either Title VII or the ADA.

          b.      <u>National Labor Relations Act ("NLRA") Preemption</u>

Defendant argues Plaintiff's claim for retaliation based on Plaintiff's union membership or activity, if proven, would constitute a violation of either Section 7 or 8 of the NLRA, and be subject to the jurisdiction of the National Labor Relations Board rather than the federal courts. (ECF No. 6 at 11–12) (citing *San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 244–45 (1959)). As discussed above, however, Plaintiff brings her claims pursuant to Title VII and the ADA, and neither on its face protects union membership or being a representative of other union members. Without additional factual allegations or legal authority from Plaintiff showing being a member of a union or being a representative of other union members is a protected activity under either Title VII or the ADA, the Court cannot assess whether preemption applies.

Because Plaintiff has not alleged facts sufficient to support the first element of her retaliation claim, the Court need not analyze the other elements. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for retaliation.

      D.      <u>Failure to Hire in Violation of Public Policy</u>

Plaintiff alleges Defendant failed to hire her in violation of public policy because of "Plaintiff's protected characteristics, including her union membership." (ECF No. 1 ¶¶ 56, 60) (citing 42 U.S.C. § 2000e–2(a)). Defendant argues Plaintiff fails to allege facts to show failure to hire based on race, and any claim related to union membership is preempted. (ECF No. 6 at 12.)

Title VII makes it an unlawful employment practice for an employer to refuse to hire an individual because of her race or color. 42 U.S.C. § 2000e–2(a). To state a claim for failure to hire based on disparate treatment, a plaintiff must show (1) she belongs to a protected class; (2) she applied for and was qualified for the position she was denied; (3) she was rejected despite her qualifications; and (4) the employer filled the position with an employee not of the plaintiff's class, or continued to consider other applicants whose qualifications were comparable to the plaintiff's after rejecting the plaintiff. *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

1 | Plaintiff has not alleged Defendant filled any positions with employees who were not
2 | members of the same protected class as Plaintiff. Plaintiff has not alleged Defendant continued to
3 | consider other applicants whose qualifications were comparable to Plaintiff's after rejecting
4 | Plaintiff. Plaintiff has not alleged facts sufficient to support the fourth element of a claim for
5 | failure to hire based on race or color, so the Court need not analyze the other three elements.

As discussed above, Plaintiff has not alleged sufficient facts, nor provided legal authority, to show she is entitled to protection under Title VII for being a union member. Plaintiff does not meet the first element of a claim for failure to hire based on union membership, so the Court need not analyze the other three elements.

Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's claim for failure to hire in violation of public policy based on her race, color, and union membership.

### E. Failure to Accommodate in Violation of 42 U.S.C. § 12112

Plaintiff alleges Defendant was aware of, and failed to accommodate, her medical condition when Defendant "unreasonably refused to hire her." (ECF No. 1 ¶¶ 69–70.) Defendant argues Plaintiff does not allege sufficient facts to support this claim, such as whether and how Plaintiff could perform essential job functions, what accommodations were necessary, whether she requested any accommodation, or that Defendant failed to accommodate her. (ECF No. 6 at 13.) Plaintiff states the facts alleged are sufficient. (ECF No. 11 at 5–6.)

The ADA makes it an unlawful employment practice for an employer to fail to provide reasonable accommodation for the known physical or mental limitations of an otherwise qualified applicant or employee with a disability. 42 U.S.C. § 12112. To state a claim for failure to accommodate under the ADA, a plaintiff must allege facts that show: (1) she is disabled within the meaning of the ADA; (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) she suffered an adverse employment action because of the disability. *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (citing *Nunes v. Wal-Mart Stores, Inc.,* 164 F.3d 1243, 1246 (9th Cir. 1999)).

A plaintiff must "provide at least some factual allegations in support of each element of her ADA claim, thereby allowing the court to draw the reasonable inference that [the defendant]

is liable under that statute." *Steiner v. Verizon Wireless*, No. 2:13-CV-1457-JAM-KJN, 2014 WL 202741, at *5 (E.D. Cal. Jan. 17, 2014).

Plaintiff alleges Defendant failed to accommodate her by failing to hire her (ECF No. 1 ¶ 70), but Plaintiff does not allege facts showing how she was limited by her condition or able to perform the essential job functions, how Defendant knew she required accommodation, whether she requested accommodation, and whether Defendant denied the request. *Steiner*, 2014 WL 202741 at *5 (granting the defendant's motion to dismiss the plaintiff's ADA claim for failure to accommodate where the plaintiff alleged her employment was terminated because of her disability but did not plead facts to support each required element, such as whether, when, and what accommodations she needed and requested, and whether and why the requests were denied).

Plaintiff has not alleged facts sufficient to show, or for the Court to draw a reasonable inference, that Defendant knew Plaintiff had physical limitation, that she was to perform the essential functions of the job with reasonable accommodation, or that Defendant failed to accommodate her. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to accommodate.

### F. Failure to Engage in the Interactive Process in Violation of 42 U.S.C. § 12112

Plaintiff alleges Defendant was "aware of Plaintiff's medical condition involving her back pain but failed to engage in a timely, good-faith, interactive process with her to determine effective reasonable accommodations for her to fill her previous position as Resident Advisor." (ECF No. 1 ¶ 79.) Defendant argues Plaintiff does not allege sufficient facts to support her claim, such as whether "she made a request for accommodation, or that [Defendant] knew she needed an accommodation." (ECF No. 6 at 14.)

"Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." *Humphrey v. Mem'l Hosps. Ass'n.*, 239 F.3d 1128, 1137 (9th Cir. 2001) (citing *Barnett v. U.S. Air,* 228 F.3d 1105, 1114 (9th Cir. 2000)). "The interactive process requires communication and good-faith exploration of

possible accommodations between employers and individual employees, and neither side can delay or obstruct the process." *Id.* (citing *Barnett*, 228 F.3d at 1114–15).

Plaintiff states she informed Defendant during her interview that she had taken time off in the past due to a back injury after a car accident. (ECF No. 1 ¶ 16.) Plaintiff, however, has not alleged she requested accommodation. Plaintiff has not alleged facts sufficient to support a plausible inference Defendant was aware Plaintiff needed an accommodation. *Cf. Joseph v. Target Corp.*, No. 2:12-CV-01962-KJM, 2015 WL 351444, at *14 (E.D. Cal. Jan. 23, 2015) (finding the defendant had a duty to engage in the interactive process because it knew the plaintiff had been on medical leave for some months following a heart attack, knew he still experienced symptoms such as memory loss, and knew he was challenged by the issues in performing his job); *cf. Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089–90 (9th Cir. 2002) (finding a job applicant triggered the interactive process by informing the employer he was hearing impaired and stating in his interview he would have done better with a sign language interpreter and the employer failed to suggest any accommodation). Accordingly, the Court GRANTS Defendant's motion to dismiss as to Plaintiff's claim for failure to engage in the interactive process.

### IV.    LEAVE TO AMEND

"A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff has not previously amended its complaint and the Court cannot say that the pleading could not possibly be cured by the allegation of other facts. Accordingly, the Court GRANTS Plaintiff leave to amend the complaint within 30 days of the date of this Order.

### V.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 6) is hereby GRANTED as to all claims with leave to amend within 30 days of the date of this Order.

IT IS SO ORDERED.

Dated: October 3, 2017

Troy L. Nunley
United States District Judge