UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AZARIA TING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADAMS & ASSOCIATES, INC.,<br><br>　　　　　Defendant. | No. 2:16-cv-01309-TLN-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

　　　　This matter is before the Court pursuant to Defendant Adams & Associates, Inc.'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 18.) Plaintiff Azaria Ting ("Plaintiff") opposes the motion. (ECF No. 19.) Defendant has filed a reply. (ECF No. 21.) For the reasons discussed below, the Court hereby GRANTS Defendant's Motion to Dismiss, (ECF No. 18), with prejudice.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she was hired in 2012 as a Residential Advisor for Sacramento Job Corps Center ("SJCC"). (ECF No. 17 ¶ 9.) Plaintiff states she is "an African-American woman who had been diagnosed with a medical condition," who "represented other Resident Advisors as a member of the CFT [California Federation of Teachers Union]." (ECF No. 17 ¶¶ 62–63.)

In February 2014, Defendant assumed management of SJCC. (ECF No. 17 ¶ 3.) Plaintiff alleges Defendant stated it would reorganize several job duties for positions, reduce the number of Residential Advisors, and create a Residential Coordinator role. (ECF No. 17 ¶ 19.)

Plaintiff alleges Defendant interviewed her for a Residential Advisor position for "approximately five minutes," "in a large room full of tables, in the midst of other interviews taking place." (ECF No. 17 ¶ 21.) Plaintiff alleges that during her interview she "disclosed she had taken time off work in the past due to a back injury she sustained in a car accident," "to observe Ramadan," and "to mourn a death in the family." (ECF No. 17 ¶¶ 24–25.) Plaintiff alleges she had a positive interview but she received a rejection letter in March 2014 stating she would not be rehired as a Residential Advisor." (ECF No. 17 ¶¶ 22–23.)

Plaintiff alleges Defendant used her "prior excused absences as a pretense to avoid rehiring her." (ECF No. 17 ¶ 26.) Plaintiff alleges "employees with equal or lesser experience were being hired for similar Advisor positions." (ECF No. 17 ¶ 27.) Plaintiff alleges "she had significantly more experience and qualifications than several younger, Caucasian and Hispanic applicants who were hired for positions by Defendant." (ECF No. 17 ¶ 31.)

Defendant moved to dismiss Plaintiff's complaint for failure to state a claim. (ECF No. 6.) The Court granted Defendant's motion as to all claims and granted Plaintiff leave to amend her complaint. (ECF No. 16.) Plaintiff amended her complaint, alleging the same six claims for violations of the Americans with Disabilities Act (42 U.S.C. § 12112) ("ADA"), Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000e *et seq.*, ("Title VII"), and common law. (ECF No. 17 at 6–12.) Defendant moves to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 18.)

///

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 350 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." On a motion to dismiss, the factual allegations of the complaint are assumed to be true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the well-pleaded allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2009)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (citing *Twombly*, 550 U.S. at 556).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Additionally, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While the plausibility requirement is not akin to a probability

requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988); *Isuzu Motors Ltd. v. Consumers Union of United States, Inc.*, 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a court should freely give leave to amend when justice so requires under Federal Rule of Civil Procedure 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

**III. ANALYSIS**

Defendant argues Plaintiff fails to allege facts sufficient to support any of her claims. (ECF No. 18 at 3.) Plaintiff opposes the motion. (ECF No. 19.)

A. <u>Disability Discrimination in Violation of 42 U.S.C. § 12112</u>

Plaintiff states Defendant discriminated against her by refusing to hire her due to her medical condition, back pain. (ECF No. 17 ¶¶ 43–44.) An ADA plaintiff alleging disparate treatment must allege facts showing she was treated less favorably than other similarly situated individuals. *Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (finding the plaintiff did not allege facts rising to a plausible inference of age discrimination, such as being replaced by a younger employee, overhearing negative comments about age, or her age being point of discussion); *cf. McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1122 (9th Cir. 2004)

(finding African American plaintiff stated a case for failure to promote by showing the employer transferred a white manager into a position rather than promoting any of the interviewees).

Plaintiff states Defendant used her "prior excused absences as a pretense to avoid rehiring her," (ECF No. 17 ¶ 26), but does not allege facts to support an inference Defendant acted because of any disability. Plaintiff alleges "employees with equal or lesser experience were being hired for similar Advisor positions," (ECF No. 17 ¶ 27), but does not allege those other employees did not have disabilities. Plaintiff alleges "she had significantly more experience and qualifications than several younger, Caucasian and Hispanic applicants who were hired for positions by Defendant," (ECF No. 17 ¶ 31), but does not allege they were hired into the Resident Advisor position for which Plaintiff applied. Plaintiff has not alleged she was treated differently than similarly situated individuals. She has not alleged similarly situated employees who did not suffer from medical conditions were treated more favorably. *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 800 (N.D. Cal. 2015). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for disability discrimination.

B. <u>Race and Color Discrimination in Violation of 42 U.S.C. § 2000e–2</u>

Plaintiff alleges she is an African American and Defendant discriminated against her by refusing to rehire Plaintiff due to her race. (ECF No. 17 ¶¶ 52–53.) A plaintiff in a disparate treatment case must show by either direct or circumstantial evidence that "the motive to discriminate was one of the employer's motives." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2523 (2013). A plaintiff may establish a case for disparate treatment by, among other ways, showing "similarly situated individuals outside [the] protected class were treated more favorably." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010).

Plaintiff's allegation Defendant acted because of her membership in a protected class is a recitation of an element. *See Iqbal*, 556 U.S. at 678. Plaintiff has not alleged facts to support a reasonable inference Defendant acted *because* of her race or color or that persons of a different race or color than Plaintiff were treated more favorably. *Ravel*, 228 F. Supp. 3d at 1099; *McGinest*, 360 F.3d at 1122. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for discrimination based on race and color.

C. Retaliation

Plaintiff alleges Defendant retaliated "by refusing to hire her on account of such protected activities as being an African-American … with a medical condition," and "because she represented other Resident Advisors as a member of the CFT." (ECF No. 17 at ¶¶ 62–63.)

Plaintiff's statement that she is an African-American woman with a medical condition, does not allege that she engaged in any protected activity, such as opposing practices forbidden by Title VII or the ADA, making a charge, testifying, assisting, or participating in a related investigation, proceeding, or hearing. 42 U.S.C. § 2000e–3(a); 42 U.S.C. § 12203(a); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004). Plaintiff has not provided any authority for her proposition that being a member of a protected class is a protected activity.

Plaintiff brings her claims pursuant to Title VII and the ADA, (ECF No. 17 ¶ 60), but neither on its face protects union membership or being a representative of other union members. 42 U.S.C. § 2000e–3(a); 42 U.S.C. § 12203(a). Plaintiff has not cited authority for the proposition that being a member of a union or being a representative of other members is a protected activity under either Title VII or the ADA. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for retaliation.

D. Failure to Hire in Violation of Public Policy

Plaintiff alleges Defendant failed to hire her in violation of public policy because of "Plaintiff's protected characteristics, including her race and medical condition." (ECF No. 1 ¶¶ 72–73) (citing 42 U.S.C. § 2000e–2(a)). To state a claim for failure to hire based on disparate treatment, a plaintiff must show the employer filled the position with an employee not of the plaintiff's class, or continued to consider applicants of comparable qualifications after rejecting the plaintiff. *Dominguez-Curry v. Nevada Transp. Dep't*, 424 F.3d 1027, 1037 (9th Cir. 2005).

Plaintiff has not alleged Defendant filled the Resident Advisor positions with employees who were not members of the same protected class as Plaintiff. Plaintiff has not alleged Defendant continued to consider other applicants whose qualifications were comparable to Plaintiff's after rejecting Plaintiff for that position. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to hire in violation of public policy.

### E. Failure to Accommodate in Violation of 42 U.S.C. § 12112

Plaintiff alleges Defendant was aware of, and failed to accommodate, her medical condition when Defendant "unreasonably refused to hire her." (ECF No. 17 ¶¶ 81–83.)

To state a claim for failure to accommodate under the ADA, a plaintiff must allege facts that show she suffered an adverse employment action because of the disability. *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003) (citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)). Plaintiff does not allege facts showing how she was limited by her condition or able to perform the essential job functions, that she required accommodation, how Defendant knew she required accommodation, whether she requested accommodation, and whether Defendant denied the request or otherwise failed to accommodate her. *Steiner v. Verizon Wireless*, No. 2:13-CV-1457-JAM-KJN, 2014 WL 202741, at *5 (E.D. Cal. Jan. 17, 2014) (granting the defendant's motion to dismiss the plaintiff's ADA claim for failure to accommodate where the plaintiff alleged her employment was terminated because of her disability but did not plead facts to support each required element, such as whether, when, and what accommodations she needed and requested, and whether and why the requests were denied). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to accommodate.

### F. Failure to Engage in the Interactive Process in Violation of 42 U.S.C. § 12112

Plaintiff alleges Defendant was "aware of Plaintiff's medical conditions involving her back pain but failed to engage in a timely, good-faith, interactive process with her to determine effective reasonable accommodations for her to fill her previous position as Resident Advisor." (ECF No. 17 ¶ 92.) "Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations." *Humphrey v. Mem'l Hosps. Ass'n.*, 239 F.3d 1128, 1137 (9th Cir. 2001).

Plaintiff has not alleged she requested accommodation. Plaintiff has not alleged facts sufficient to support an inference Defendant was aware Plaintiff required accommodation. *Cf. Joseph v. Target Corp.*, 2015 WL 351444, at *14 (E.D. Cal. Jan. 23, 2015) (the defendant knew

the plaintiff had been on medical leave, knew he experienced symptoms such as memory loss, and knew he was challenged in performing his job); *cf. Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089–90 (9th Cir. 2002) informed the employer he was hearing impaired and stated he would have done better with a sign language interpreter). Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for failure to engage in the interactive process.

### IV. LEAVE TO AMEND

"A district court may deny a plaintiff leave to amend if it determines that allegations of other facts consistent with the challenged pleading could not possibility cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010). Although a court should freely give leave to amend when justice so requires, "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004).

Plaintiff has had two opportunities to allege facts sufficient to support her claims and has not done so. This Court provided detailed analysis in its order on Defendant's previous motion to dismiss about the deficiencies in the original complaint for each cause of action and granted leave to amend. (ECF No. 16.) Those deficiencies have not been cured and it would be futile to allow further opportunities to amend. Accordingly, the Court will not grant leave to amend.

### V. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss, (ECF No. 18), with prejudice. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 7, 2018

Troy L. Nunley
United States District Judge